UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

| | |
|---|---|
| DERRICK BRADFORD, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:07-cv-225 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| DENISE GERTH, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**REPORT AND RECOMMENDATION**

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff is presently incarcerated at the Alger Maximum Correctional Facility. On June 26, 2007, Plaintiff was removed from his segregation cell and placed in restraints. When he was returned to his cell, he found his tee-shirt soaked with what he believed was urine. After the shirt dried, he cut it into two pieces, wrapped each piece in plastic, and placed the two pieces in separate envelopes with the notation "hazardous material, warning danger." He included a letter asking for DNA testing and a criminal investigation. One envelope was addressed to the United States Attorney General; the other to the Director of the Michigan State Police. On July 10, 2007, Plaintiff submitted the envelopes for mailing. Defendant Denise Gerth forwarded the envelopes to Defendant Inspector John Contreras. The envelopes were opened due to a suspicion that the mailings violated Michigan Department of Corrections' policy 05.03.118. Plaintiff was provided a hearing after the envelopes were opened. The tee-shirt sections were destroyed and the envelopes were not mailed.

Plaintiff is suing Denise Gerth and John Contreras. He claims that Defendants violated his First, Fourth, and Fourteenth Amendment rights. For relief, he seeks compensatory and punitive damages, and an injunction prohibiting Defendants from opening mail without a warrant based on mere suspicion.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

<u>First Amendment</u>

It is well established that under the First Amendment prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The fundamental right of access to the courts encompasses a prisoner's right to physically access the court system and insures that the access will be "adequate, effective, and meaningful." *Id.* at 822. The right to access the courts extends only to direct appeals, habeas corpus applications, and civil rights claims. *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). Here, Plaintiff was not attempting to file or otherwise pursue a direct appeal, a habeas corpus proceeding, or a civil rights claim. Rather, he wished to initiate an investigation to discover the party that left an allegedly urine-soaked tee-shirt in his cell, and that would lead to criminal charges.

Even assuming Plaintiff had a First Amendment right of access to the courts under these circumstances, it is well established that in order to have standing to assert a claim of denial of access to the courts, a prisoner must establish that he suffered an actual injury as a result of the denial. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001). To show actual injury, a prisoner must allege that Defendants caused a non-frivolous claim to be lost, or that the presentation of a non-frivolous claim is currently being

prevented. *See Lewis*, 518 U.S. at 354-56; *Clark v. Corrections Corporation of Am.*, 113 F. App'x 65, 67 (6th Cir. 2004). While the actions of the party responsible for the urine-soaked tee-shirt may be reprehensible, Plaintiff has failed to identify any specific Michigan criminal statute that was violated. Accordingly, Plaintiff has failed to demonstrate an actual injury. *See, e.g. Smith v. Campbell*, 113 F. App'x 85 (6th Cir. 2004) (holding that state prison official did not violate inmate's right of access to courts by withholding item of legal mail for 25 days, even though inmate's case was dismissed as a result of delay, where inmate did not explain what case was about or indicate that it involved his conviction or confinement); *Truss-El v. Bouchard*, 103 F. App'x. 575 (6th Cir. 2004) (holding that inmate had no claim against prison officials based upon alleged interference with his legal mail where he did not demonstrate any prejudice to pending or contemplated litigation); *Smith-El v. Steward*, 33 F. App'x 714 (6th Cir. 2002) (holding that prisoner failed to establish that he was prejudiced by defendant's actions of refusing to send his outgoing legal mail, as required for a § 1983 claim alleging of violation of the First Amendment right of access to the court.) [1]

Fourth Amendment

The Fourth Amendment protects against governmental invasions into person's legitimate expectation of privacy. While prisoners retain certain constitutional rights, "this does not mean that these rights are not subject to restrictions and limitations." *Bell v. Wolfish*, 441 U.S. 520,

---

[1] Plaintiff also alleged that on June 21, 2007, he attempted to mail a complaint under 42 U.S.C. § 1983 to the United States District Court in the Eastern District of Michigan. Defendant Gerth allegedly opened the mailing, threw it into Plaintiff's cell, and refused to mail it. Based upon a review of Plaintiff's asserted causes of action, it does not appear that he is suing Defendant Gerth with regard to this incident. In the event that Plaintiff is attempting to bring suit on these facts, he has not alleged that he was permanently deprived of the opportunity to file his pleading, or that the pleading was rejected by the court as untimely. *See Harbin-Bey*, 420 F.3d 571, 578 (6th Cir. 2005) (stating that examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline). Further, Plaintiff did not allege facts describing the legal claims he was attempting to assert in the Eastern District, and therefore, he did not demonstrate that the claims were non-frivolous.

545 (1979). Thus, the inspection of prisoners' out-going mail is justified if "the regulation or practice in question" furthers "an important or substantial government interest unrelated to the suppression of expression,"such as "security, good order, or discipline of the institution," *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005), and does not limit first amendment freedoms any greater than is necessary or essential to the protection of the particular governmental interest involved. *Procunier v. Martinez*, 416 U.S. 396, 413-14 (1974); *accord Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996). Prison officials may justifiably inspect out-going mail concerning escape plans, information about proposed criminal activity, the transmittal of encoded messages, *Martinez,* 416 U.S. at 413, contraband, *see Wolff v. McDonald*, 418 U.S. 539, 575-77 (1974), or plans relating to ongoing criminal activity. *Thornburgh v. Abbott*, 490 U.S. 401, 411-12 (1989). Michigan Department of Corrections' written policy informs prisoners that prohibited mail includes mail that violates federal or state law or postal regulations, mail that contains threats, and mail containing physical contraband. MICH. DEP'T OF CORR., Policy Directive Policy Directive 05.03.118, ¶ D (1)(2)(3) and (5) (effective Jan. 1, 2006). The Defendants' actions of inspecting the two envelopes clearly marked with the notation "hazardous material, warning danger," was a reasonable response to security concerns, not only for the institution but for the intended recipients.[2] Accordingly, I conclude that Plaintiff has failed to state a Fourth Amendment claim.

---

[2]Plaintiff does not claim that the mail addressed to the Attorney General should have been subject to the heightened protection afforded to "legal mail." *See Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996). In *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003), the Court held that mail from a legal source having little or nothing to do with safeguarding a prisoner's access to the courts, or protecting an prisoner's relationship with an attorney, need not be treated as "legal mail." In the present case, there was no indication that Plaintiff's mailing to the Attorney General concerned a legal matter or that it was in any way privileged.

<u>Fourteenth Amendment</u>

Plaintiff also claims a due process violation.  The "root requirement" of the Due Process Clause is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest."  *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 542 (1985).  Before prison officials may reject a prisoner's mail for violating this provision, the prisoner is entitled to a fact-finding hearing. MICH. DEP'T OF CORR., Policy Directive Policy Directive 05.03.118, ¶ E.  The hearing provided for by the policy comports with due process requirements.  Pursuant to the policy, Plaintiff received a hearing which afforded him the opportunity to convince the decision-maker that his mailings did not violate policy directive 05.03.118.  Plaintiff, therefore, received the procedures required by law.  Accordingly, I conclude that Plaintiff has failed to state a Fourteenth Amendment due process claim.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 21, 2008

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).