UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK BRADFORD,

        Plaintiff,

                                        File No.  2:07-CV-225

v.

                                        HON. ROBERT HOLMES BELL

DENISE GERTH, et al.,

        Defendants.
                                    /

**MEMORANDUM OPINION AND ORDER
<u>ADOPTING THE REPORT AND RECOMMENDATION</u>**

On February 21, 2008, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that Plaintiff Derrick Bradford's 42 U.S.C. § 1983 prisoner civil rights action be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c), for failure to state a claim.  (Dkt. No. 3.)  On March 4, 2008, the Magistrate Judge denied Plaintiff's request for an extension of time to file objections to the R&R.  By March 17, 2008, no objections had been filed and the Court adopted the R&R.  (Dkt. No. 7.)  Plaintiff appealed the dismissal and the Sixth Circuit remanded the case for the Court to consider Plaintiff's objections.  Plaintiff filed objections to the R&R on December 24, 2008.  For the reasons that follow, Plaintiff's objections are denied and the R&R is adopted as the opinion of the Court.

### I.

This Court is required to make a *de novo* review of those portions of a R&R to which specific objections are made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Magistrate Judge recommended denial of Plaintiff's claims for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2).

### II.

**A. Destruction of Evidence**

Plaintiff first objects to the Magistrate Judge's finding that Plaintiff's complaint fails to state a First Amendment claim alleging violation of the right of access to the courts because it does not allege actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (requiring actual injury to support an access-to-courts claim); *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

Plaintiff alleges in his complaint that Defendants prevented him from mailing, and ultimately destroyed, pieces of a urine-soaked t-shirt that he intended to send to the United States Attorney General and to the Michigan state police. Plaintiff contends that he intended to pursue legal remedies against the persons that urinated on his t-shirt, that he sought to open a legal investigation, and that the mailing contained the evidence that he intended to use to pursue a claim against the responsible individuals. However, the Court agrees with the R&R that Plaintiff's complaint does not allege that any non-frivolous legal claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented . . . ." *Lewis*,

518 U.S. at 356. *See also Harbin-Bey*, 420 F.3d at 578 ("Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."). While the destruction of Plaintiff's t-shirt may have hindered Plaintiff's efforts to identify the party responsible for urinating on it, as he argues in his objections, and may have made it more difficult for Plaintiff to *prove* a claim against that party, it does not prevent him from bringing a claim or filing a complaint. Thus, the Court agrees with the R&R that Plaintiff's claim of violation of a right of access to the courts should be dismissed for failure to state a claim.

**B. Inspection and Delivery of Mail**

In addition to destroying the t-shirts, Plaintiff also alleges that Defendants inspected and withheld delivery of his outgoing mail that was marked "hazardous material, warning danger." The R&R determined that Plaintiff failed to state a First or Fourth Amendment claim because Defendants' actions were a reasonable response to security concerns; the Court agrees.

It is well established that prison officials may inspect a prisoner's outgoing mail. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Even outgoing "legal mail" may be inspected by prison officials. *See Bell-Bey v. Williams*, 87 F.3d 832, 837 (6th Cir. 1996).

Plaintiff objects that his mail did not violate any of the prison's policies, and that Defendants' actions violated policies related to the inspection of mail addressed to public officials. Plaintiff cites prison policies providing that sealed mail addressed to certain public officials will not be opened by prison officials prior to mailing. MDOC Policy Directive

05.03.118 ¶¶ R, S. However, even if Defendants violated MDOC policies, such violations are not, in themselves, sufficient to state a § 1983 claim. Section 1983 does not provide redress for violations of a state law or prison policies. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir.1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir.1994). Moreover, by making a reasonable inspection of mail marked "hazardous," Defendants' actions are not indicative of "blatant disregard for established regulations [giving] rise to an inference of arbitrary or capricious action." *Levado v. Keohane*, 992 F.2d 601, 610 (6th Cir. 1993).

**C. Due Process**

Finally, Plaintiff objects to the dismissal of his Fourteenth Amendment due process claim, arguing that Defendants did not give Plaintiff notice and a hearing prior to the opening of his mail. The right of a prisoner to uncensored flow of communication by letter is a liberty interest, and the decision by prison officials to *censor or withhold delivery* of prisoner mail "must be accompanied by minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled in part on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989). With respect to the decision to dispose of his mail, Plaintiff's complaint indicates that he received notice and an opportunity to contest that decision at a hearing before Defendant Gerth. Thus, the Magistrate Judge held that Plaintiff's complaint fails to state a claim for violation of procedural due process. In his objections, Plaintiff contends that he was entitled to a hearing prior to the *opening* of his mail. The Court is aware of no authority requiring such a process. *Cf. Wolff v. McDonnell,* 418 U.S. 539, 577 (1974) ("[B]y acceding to a rule whereby the inmate is present when [incoming] mail from attorneys is inspected, [petitioners]

have done all, and perhaps even more, than the Constitution requires."); *Bell-Bey*, 87 F.3d at 839 (applying the holding in *Wolff* to outgoing legal mail).

Plaintiff's complaint alleges that Defendant Gerth requested permission to open and inspect Plaintiff's mail in his presence, but Plaintiff refused. As a result, Plaintiff's mail was sent to Defendant Contreras for inspection and Plaintiff was given a hearing. Accordingly, Plaintiff was given more than the minimum process due in such circumstances; the Court agrees with the R&R that Plaintiff has failed to state a claim of violation of due process under the Fourteenth Amendment.

### D. Request for an Attorney

In his objections, Plaintiff also requests the Court to appoint him an attorney to assist him in this matter. Because the Court hereby adopts the R&R and dismisses Plaintiff's complaint, the Court will deny Plaintiff's request as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (Dkt. No. 16) to the Report and Recommendation are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 3) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that dismissal of this action will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

**IT IS FURTHER ORDERED** that Plaintiff's request for appointment of an attorney is **DENIED** as moot.


Dated: May 19, 2009                              /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 UNITED STATES DISTRICT JUDGE